UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD G. SPARKS, | ) | 1:07-cv-01688-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| D. SMITH, Warden, | ) | (Docs. 11 & 14) |
| | ) | |
| Respondent. | ) | ORDER REQUIRING THAT OBJECTIONS |
| | ) | BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

On November 21, 2007, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). On December 13, 2007, Petitioner filed an amended petition. (Doc. 4). Petitioner alleges that, as an inmate at the Federal Prison Camp, Atwater, California, the Bureau of Prisons ("BOP") has refused to provide him with an immediate assessment pursuant to 18 U.S.C. § 3621(b), to determine if he is eligible for six months of pre-release placement at a Community Corrections Center ("CCC").[1] (Doc. 4, pp. 4-5)[2]. Petitioner alleges that the BOP's failure to provide such an assessment is in

---

[1] Although Petitioner refers to CCC's, those facilities are now called Residential Re-entry Centers, or "RRC's." For consistency, the Court will refer to these facilities as RRC's.

[2] The document page numbers referenced by the Court are the CM/ECF page headers located at the top of each page of the document.

violation of federal law, i.e., § 3621(b). (Id. at p. 7). Petitioner alleges that he has been diagnosed with colon cancer, underwent surgery to remove a pollop, made only partially successful requests for copies of his medical records, and requested a compassionate release from incarceration as a result of his medical condition, which was denied. (Id. at pp. 3-4). Petitioner seeks an order from this Court directing Respondent to provide Petitioner with all medical records relating to his health condition, declaring any RRC assessment that relies upon criteria in 18 U.S.C. §§ 3621, 3622, and 3624( c), to be unconstitutional unless all five criteria in § 3621(b) are considered, and requiring Respondent to conduct an immediate RRC "home confinement" placement assessment for Petitioner. (Id. at p. 9).

On January 18, 2008, the Court ordered Respondent to file an answer to the petition, or, in lieu of an answer, an appropriate motion to dismiss. (Doc. 7). On February 22, 2008, Respondent filed the instant motion to dismiss, alleging that the petition is premature because the BOP is not legally required to evaluate Petitioner for placement in an RRC until eleven to thirteen months before his release date. (Doc. 11, p. 2). Respondent has submitted a copy of "Program Statement 7310.04, Community Correction Center (CCC) Utilization and Transfer Procedure, (12-16-1998)." ("Program Statement"). (Doc. 11-3). The Program Statement sets forth procedures for placement of prisoners in RRC's by the BOP. (Id.). That document also provides that, "Normally 11 to 13 months before each inmate's probable release date, the unit team shall decide whether to refer an inmate to a Community Corrections program." (Id. at ¶ 12.).

Respondent contends that Petitioner's release date is not until July 20, 2009, if given credit for all possible good time, sixteen months hence, as of the date of the filing of the motion to dismiss. (Doc. 11, p. 2; Doc. 11-2, p. 2). Respondent observes that, while challenging the 2002 and 2005 BOP regulations and arguing that the BOP has illegally failed to assign his to an RRC pursuant to 18 U.S.C. § 3621(b), the petition does not challenge the Program Statement as illegal. (Doc. 11, p. 2). Because the program statement does not require the BOP to make an assessment in Petitioner's case for almost four more months, in Respondent's view, the petition is not ripe and should be dismissed as premature. (Id. at p. 4).

///

///

On April 10, 2008, Petitioner filed a response to the motion to dismiss. (Doc. 12). Petitioner's response alleges that he has "already been considered and approved for placement into Community Custody for a maximum six months due to the unconstitutional time restraints imposed by CFR 570.20 and 570.21" and notes that Respondent failed to address Petitioner's request for medical records.

On May 27, 2008, the Court ordered Respondent to file additional briefing on limited issues, including Petitioner's request for medical records. (Doc. 13). On June 6, 2008, Respondent filed additional briefing with exhibits, contending that the failure to address Petitioner's request in the initial motion to dismiss was inadvertent, and that subsequently, Respondent has provided that medical information to Petitioner. (Doc. 14). Accordingly, Respondent maintains that the issue of providing medical records is now moot. (Id.). Respondent's supplemental filing also alleged that the passage of federal legislation prohibiting Respondent from using criteria that limit RRC placement to the last 10% of a prisoner's sentence, and the fact that Respondent has conducted two separate evaluations of Petitioner for RRC placement, now render Petitioner's claims for such a review moot. (Id.). Petitioner has not responded to Respondent's supplemental brief and exhibits.

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g., Clark v. Floyd, 80 F.3d 371, 372-374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921

F.2d 476, 479 (3d Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).

In the amended petition, Petitioner alleges that the BOP should conduct an immediate RRC "home confinement" placement assessment for Petitioner, and seeks an order declaring any RRC assessment that relies upon criteria in 18 U.S.C. §§ 3621, 3622, and 3624(c) to be unconstitutional unless all five criteria in § 3621(b) are considered, and directing Respondent to provide Petitioner with certain enumerated medical records. Petitioner is therefore challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Federal Prison Camp, Atwater, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

## **EXHAUSTION**

A preliminary question is whether Petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Western Radio Services Co. v. Espy, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55, 115 S. Ct. 2021 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145, 112 S. Ct. 1081 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

///

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. See McCarthy v. Madigan, 503 U.S. at 145. Thus, exhaustion of administrative remedies would be futile and should be excused if the agency lacks authority to grant the requested relief or has predetermined the issued before it. See id. at 148.

Here, Petitioner has not indicated that he has undertaken any efforts to exhaust his administrative remedies, nor does Respondent address the issue. As mentioned, however, futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-1001 (9th Cir. 2004). In the instant action, it is apparent that it would be futile for Petitioner to exhaust his administrative remedies because he alleges he is being denied an immediate RRC "home confinement" placement based on formally-adopted BOP regulations, including the Program Statement defining the RRC placement process, the validity of which the BOP has heretofore strenuously maintained. In the Court's view, therefore, Petitioner's exhaustion of his administrative remedies is not a pre-requisite to the district court's jurisdiction over the case because of the BOP's intractable and immutable policy against the relief sought.

## DISCUSSION

Petitioner alleges that the BOP should conduct an immediate RRC "home confinement" placement assessment for Petitioner, that the Court declare any RRC assessment that relies upon criteria in 18 U.S.C. §§ 3621, 3622, and 3624( c), to be unconstitutional unless all five criteria in § 3621(b) are considered, and that Respondent provide Petitioner with certain enumerated medical records. The Court agrees with Respondent that, in light of the present record, all three claims are now moot.

A. <u>The Claims For A "Home Confinement" Assessment Review According To Statutory Criteria Are Moot</u>

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the Court considers the doctrines of sanding, ripeness, and mootness. See Poe v. Ullman, 367 U.S. 497,

502-505, 81 S. Ct. 1752 (1961).  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of litigants in the case before them."  North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402  (1971) per curiam (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S. Ct. 461 (1937)).

Respondent has submitted evidence that establishes that Respondent conducted an assessment review on January 21, 2008.  (Doc. 14-2).  At that time, Petitioner's expected release date was July 20, 2009.  (Id.).  The January 21, 2008 assessment resulted in a recommendation that Petitioner should be released to RRC on January 22, 2009, i.e., effectively recommending six months of RRC placement.  (Id.).

Subsequently, on April 9, 2008, the Second Chance Act of 2007, became effective, requiring that pre-release RRC placements decisions by the BOP be made on an individual basis according to the criteria set forth in the statute, as well as the criteria in § 3621(b).  18 U.S.C. § 3621(c)(6).  This statutory mandate rendered inapplicable the BOP's former regulations contained in 28 C.F.R. § 570.20 and § 570.21.

On April 17, 2008, Respondent conducted a second assessment in accordance with the provisions of the Second Chance Act, reaffirming the six-month RRC placement assessment.  (Doc. 14-3).  The assessment concluded that, in light of the specified criteria, "180 days is sufficient to accommodate [Petitioner's] release needs."  (Id.).   Thus, it appears that Respondent has provided Petitioner with all of the relief he has requested regarding an RRC pre-release assessment.

This is true of Petitioner's request for "home confinement" as well.  As Respondent notes, 18 U.S.C. § 3624(c)(2) expressly limits home confinement to the "shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  As such, Petitioner could not be placed in home confinement earlier than his present RRC transfer date of January 22, 2008.  Moreover, again as

Respondent observes, any home confinement plan must be approved by the United States Probation Office. (Doc. 14-7, Program Statement 7320.01, Home Confinement, at ¶ 8(b)). As Program Statement 7320.01 provides, institution staff are responsible for referring inmates for pre-release placement in the appropriate venue, whether home confinement, RRC, or some other facility. Id. at ¶ 7.

Since Petitioner has been afforded precisely the "home confinement" assessment he requested, and since the evidence in the record indicates that Respondent conducted that assessment using the correct statutory criteria, the Court finds that Respondent's decision to place Petitioner in an RRC facility rather than "home confinement" was neither unlawful nor unconstitutional. Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.

B. <u>Petitioner's Request For Medical Records Is Now Moot</u>

In Respondent's supplemental submission dated June 6, 2008, Respondent provided evidence for the record that Petitioner was provided with 233 pages of his medical records on April 25, 2008. (Doc. 14, p. 3; Doc. 14-6). Respondent's submission includes a receipt for the medical records signed by Petitioner. (Doc. 14-6).

As of the date of this order, almost two months have passed since Respondent provided Petitioner with the requested medical records, and Petitioner has not indicated to the Court that Respondent's response to Petitioner's request was either insufficient or inadequate. Accordingly, it appears to the Court that Petitioner's request for medical records is now moot as well.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Docs. 11 & 14), be GRANTED;

2. The Amended Petition for Writ of Habeas Corpus (Doc. 4), be DISMISSED as MOOT; and,

3. The Clerk of Court be DIRECTED to enter judgment.

///
///
///

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).  Within fifteen (15)
3  days after being served with a copy, any party may file written objections with the Court and serve a
4  copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings
5  and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u>
6  days (plus three days if served by mail) after service of the objections.  The District Judge will then
7  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised
8  that failure to file objections within the specified time may waive the right to appeal the District
9  Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 20, 2008**                               /s/ Theresa A. Goldner
                                                UNITED STATES MAGISTRATE JUDGE