UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD G. SPARKS, | ) | 1:07-cv-01688-AWI-TAG HC |
| | ) | |
|         Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS AS MOOT PETITIONER'S |
| v. | ) | REQUEST FOR DISCLOSURE OF |
| | ) | MEDICAL RECORDS AND TO DISMISS |
| D. SMITH, Warden, | ) | AMENDED PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (Doc. 4) |
|         Respondent. | ) | |
| _____ | ) | ORDER REQUIRING THAT OBJECTIONS |
| | | BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

On November 21, 2007, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). On December 13, 2007, Petitioner filed an amended petition. (Doc. 4). Petitioner alleged that, as an inmate at the Federal Prison Camp, Atwater, California, the Bureau of Prisons ("BOP") refused to provide him with an immediate assessment pursuant to 18 U.S.C. § 3621(b), to determine if he is eligible for six months of pre-release placement at a Regional Rehabilitation Center ("RRC"). (Doc. 4, pp. 4-5). The amended petition also included a request that the Court order Respondent to provide him with copies of various medical records, including all pathology reports, blood panels, CT scans, MRI scans, and "any other tests used to diagnose and treat the cancer for which Petitioner underwent surgery." (Doc. 4, p. 8).

On January 18, 2008, the Court ordered Respondent to file an answer to the petition, or, in lieu of an answer, an appropriate motion to dismiss. (Doc. 7). On February 22, 2008, Respondent filed a motion to dismiss, alleging that the petition is premature because the BOP is not legally required to evaluate Petitioner for placement in an RRC until eleven to thirteen months before his release date, i.e., July 20, 2009. (Doc. 11, p. 2). Respondent's motion failed to address Petitioner's request for his medical records.

On April 10, 2008, Petitioner filed a response to the motion to dismiss in which he noted that Respondent had failed to address his request for medical records. (Doc. 12). On May 27, 2008, the Court ordered Respondent to file additional briefing regarding Petitioner's request for medical records. (Doc. 13). On June 6, 2008, Respondent filed such additional briefing, contending that the failure to address Petitioner's request in the initial motion to dismiss was inadvertent, and that subsequently, Respondent has provided that medical information to Petitioner, including 233 pages of medical records. (Doc. 14, p. 3). (Doc. 14, Exhibit 5). Accordingly, Respondent maintained that the issue of providing medical records was moot. (Id.).

On June 23, 2008, the Magistrate Judge issued Findings and Recommendations to grant Respondent's motion to dismiss the substantive claims regarding early RRC placement as premature. (Doc. 15). Petitioner filed objections to the Findings and Recommendations in which he contended he had never received the medical records or additional briefing filed by Respondent on June 6, 2008. (Doc. 16). On September 8, 2008, the District Judge adopted the Findings and Recommendations regarding Respondent's motion to dismiss, thereby dismissing all claims in the amended petition except for Petitioner's claim for access to his medical records. (Doc. 19). The Order adopting the Findings and Recommendations noted that, in addition, Petitioner had apparently not received a copy of Respondent's additional briefing filed on June 6, 2008. The matter was remanded to the Magistrate Judge for further proceedings on the remaining claim in the amended petition relating to disclosure of medical records. The following day, on September 9, 2008, Respondent filed a Certificate of Service indicating that he had re-served Petitioner with the additional briefing originally filed on June 6, 2008. (Doc. 20).

///

**DISCUSSION**

As mentioned supra, the only remaining claim in the amended petition is Petitioner's request for disclosure of his medical records. Also as mentioned, on September 9, 2008, Respondent filed a Certificate of Service indicating that he had re-served Petitioner with a copy of Respondent's additional briefing originally filed on June 6, 2008. That additional briefing contained as an exhibit a document entitled "Receipt of Medical Records" dated April 25, 2008 that indicated that on that same date Petitioner had been given copies of the medical records he had requested. (Doc. 14, Exh. 5).[1] Exhibit 5 is signed by both Petitioner's case manager and Petitioner himself. (Id.). The Certificate of Service filed by Respondent, along with the documents referred to in the Certificate of Service thus establish that Petitioner has received both the medical records and additional briefing he had previously contended he had not received. Because he has received what he requested, Petitioner's remaining contentions are moot.

The case or controversy requirement of Article III of the Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70, 104 S. Ct. 373 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181 (1982). The Court has no power to decide cases that do not affect the rights of litigants in the case before it. Defunis v. Odegaard, 416 U.S. 312, 316, 94 S. Ct. 1704 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-528 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70; Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38, 96 S. Ct. 1917 (1976); N.A.A.C.P., Western Region, 743 F.2d at 1353.

Here, as discussed supra, no "live" controversy remains. Petitioner's substantive claims regarding RRC placement were dismissed as premature. His remaining claims, having been satisfied, are now moot. There being no "case or controversy" regarding the amended petition, it

---

[1] The receipt is identified as "Document 14-6" on the Court's electronic docket header.

should now be dismissed as moot.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS as follows:

1. Petitioner's claim for disclosure of his medical records and service of Respondent's additional briefing filed on June 8, 2008, be DISMISSED as MOOT;

2. The Amended Petition for Writ of Habeas Corpus (Doc. 4), be DISMISSED; and,

3. The Clerk of Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 23, 2008**                                        **/s/ Theresa A. Goldner**
                                                                                UNITED STATES MAGISTRATE JUDGE